| | |
|---|---|
| **ASHRAF FARAG ABDELFATTAH MOUSTAFA** ZAR1600144010**, AZZA IBRAHIM ZAYED ATTIA, MAHMOUD ASHRAF FARAG ABDELFATTAH, AND NOURHAN ASHRAF FARAG ABDELFATTAH**<br><br>**Plaintiffs,**<br><br>v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); HOUSTON ASYLUM OFFICE, USCIS, DIRECTOR, USCIS; UR JADDOU, ASSOCIATE DIRECTOR, REFUGEE, ASYLUM, AND INTERNATIONAL OPERATIONS, USCIS; Ted H. Kim, ASSOCIATE DIRECTOR, FRAUD DETECTION AND NATIONAL SECURITY, USCIS; and Matthew D. Emrich, DIRECTOR, HOUSTON ASYLUM OFFICE, USCIS; MARIE HUMMERT**<br><br>**Defendants.** | **CIVIL ACTION NO. 4:24-cv-2210** |

## COMPLAINT AND ACTION IN MANDAMUS

Plaintiffs, **ASHRAF FARAG ABDELFATTAH MOUSTAFA** ("ASHRAF"), **AZZA IBRAHIM ZAYED ATTIA** ("AZZA"), **MAHMOUD ASHRAF FARAG ABDELFATTAH** ("MAHMOUD"), and **NOURHAN ASHRAF FARAG ABDELFATTAH** ("NOURHAN") (collectively "Plaintiffs" or the "**MOUSTAFA** Family"), by their attorneys, request issuance of a writ of mandamus or in the nature of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") ordering Defendants to interview and adjudicate Plaintiffs' Form I-589, Application for Asylum and for Withholding of Removal which was received and pending as of Novembeer 30, 2016 (the "Asylum Application") and which has still not been adjudicated more than 7 years after it was filed.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Plaintiffs ask this Court to compel Defendants, officers of the United States, to perform a duty owed under 8 U.S.C. § 1158(d)(5)(A)(iii).

2. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Plaintiffs are aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 *et seq.*

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance a declaratory judgment.

4. Costs and fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq.*

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where the Defendants, acting through the Houston Asylum Office of the United States Citizenship and Immigration Services, have failed to take action required by law. And at least one plaintiff resides in this District.

## PARTIES

6. **Ashraf,** his Date of birth is June 16, 1968, and his USCIS Alien Number is A209-494-692, his asylum receipt number is ZAR1600144010, he is a native and citizen of Egypt, he came to the US when he was 30 years old. Ashraf's previous position as a police officer has led to being targeted by the Muslim Brotherhood, which directly affects his and his family's safety.

7. **Azza,** her USCIS receipt number is ZAR1600144030, the wife of Moustafa and her date of birth is February 9, 1973 – and her USCIS Number is A209-494-693 is a native and citizen of Egypt, she came to the US when she was about 43 years old.

8. **Mahmoud**, ZAR1600144040 his date of birth is September 27, 2001 - and his USCIS Number is A209-494-695, is a native and citizen of Egypt and the 22-years-old son of Ashraf and Azza, when he came to the US he was about 14 years old.

9. **Nourhan**, Application recipt number is ZAR1600144020 her Date of Birth is June 24, 1998- and her USCIS Alien Number is 209 494694 , is a native and citizen of Egypt and 26-year-old the daughter of Ashraf and Azza, she came to the US when she was about 18 years old.

10. On or around November 30, 2016, Ashraf applied for asylum on behalf of himself, Azza, Mahmoud, and Nourhan.

11. The United States Citizenship and Immigration Services ("USCIS") is the defendant Agency charged with *inter alia* adjudicating applications for asylum. It has the obligation to adjudicate Plaintiffs' Asylum Application.

12. The Houston Asylum Office is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiffs' Asylum Application as plaintiff moved to Houston over 120 days ago.

13. Defendant is the director of USCIS, the Agency charged with adjudicating Plaintiffs' Asylum Application. Defendant UR Jaddou is named in his official capacity.

14. Defendant Ted H. Kim is the USCIS Associate Director for Refugee, Asylum and International Operations. He has supervision over all asylum offices, including the Houston Asylum Office. He requires that some applications be forwarded to headquarters before final adjudication and may, upon information and belief, have ordered that Plaintiffs case be forwarded to his office for its review. Defendant Langlois is named in his official capacity.

15. Defendant Matthew D. Emrich is the USCIS Associate Director of the Fraud Detection and National Security Directorate. He has supervision of all USCIS staff who review asylum applications to ensure that immigration benefits are not granted to individuals who pose a threat to national security or public safety, or who seek to defraud the immigration system. Certain applications must be reviewed by the Fraud Detection and National Security Directorate before their final adjudication. Upon information and belief, USCIS has not adjudicated the Asylum Application because the Fraud Detection and National Security Directorate has never completed its review. Defendant Emrich is named in his official capacity.

16. Defendant MARIE HUMMERT is the Director of the Houston Asylum Office, within USCIS, which is charged with adjudicating Plaintiffs' Asylum Application. Defendant MARIE HUMMERT is named in his official capacity.

## **ADMINISTRATIVE PROCEDURE ACT FRAMEWORK**

17. Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

18. Assessing reasonableness is frequently found to involve a balancing test, in which a statutory requirement is a very substantial factor. *See Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

19. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline as is the situation here. *See Forrest Guardians v. Babbit*, 174 F.3d 1178 (10th Cir. 1998); *see also Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress

has specifically provided a deadline for performance … no balancing of factors is required or permitted").

20. Plaintiffs Ashraf, Azza, Mahmoud and Nourhan have a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

21. Defendants generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

22. Plaintiffs have no adequate remedy at law, and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

## **MANDAMUS FARMEWORK**

23. Plaintiffs Ashraf, Azza, Mahmoud and Nourhan have a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

24. Defendants generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

25. Plaintiffs have no adequate remedy at law, and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

26. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

27. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction[] and agreeable to the usages and principles of law."

# FACTUAL ALLEGATIONS

28. Ashraf is a native and citizen of Egypt who filed an Asylum application on behalf of himself, his wife, Azza, his children, Mahmoud and Nourhan in November 2016. Defendants acknowledged receipt of the Asylum Application with receipt number ZAR1600144010, dated November 30 2016.

29. The family was on temporary visa and for the safety of the whole family member they had to stay leave behind in their homecountry, there home, belongings and had to start from the beginning, they did not even bring their essential items

30. Over 7 years over 2750 days of the delay in adjudicating the Asylum Application is itself causing irreparable harm to Plaintiffs.

31. This delay is causing irreparable harm to Ashraf, his wife and his children, the children who are not able to commence their lives in the United States without fear of potentially returning to Egypt—a country where they most certainly would be persecuted, tortured, and/or killed.

32. Defendants' delay, actions, and omissions in this case are unreasonable.

33. Defendants, in violation of law, are unlawfully withholding or unreasonably delaying action on Plaintiffs' Asylum Application and have failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiffs' Asylum Application.

34. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be free from doubt.

35. No other adequate remedy is available.

36. Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

# COUNT ONE
## (ADMINISTRATIVE PROCEDURES ACT)

37. Plaintiffs repeat and reallege paragraphs 1 through 42 as if fully set forth herein and incorporates them by reference.

38. Defendants have unreasonably delayed adjudication of Plaintiffs' Asylum Application, despite a clear statutory deadline requiring them to adjudicate it within 180 days.

39. No adequate remedy exists at law.

40. Plaintiffs will suffer and are suffering irreparable harm from the delay in adjudicating their case.

41. This delay is unreasonable and leaves Plaintiff without an adequate remedy.

42. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiffs seek a court order compelling Defendants to adjudicate their Asylum Application pursuant to 5 U.S.C. § 706(1).

### COUNT TWO
### (MANDAMUS)

43. Plaintiffs repeat and reallege paragraphs 1 through 48 as if fully set forth herein and incorporates them by reference.

44. Pursuant to 28 U.S.C. § 1361, this Court may compel an officer or employee of the United States to perform a duty owed to the Plaintiffs. *See Burnett v. Tolson*, 474 F.2d 877, 880 (4th Cir. 1973).

45. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction[] and agreeable to the usages and principles of law."

46. Plaintiffs Ashraf, Azza, Mahmoud and Nourhan have a right to apply for asylum and to receive a timely decision on their Asylum Application.

47. Defendants owe Ashraf, Azza, Mahmoud and Nourhan the duty to adjudicate their Asylum Application within 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

48. No adequate remedy exists at law, for the reasons set forth above. Further, Plaintiffs will suffer irreparable harm from the delays in adjudicating their case.

49. This delay is unreasonable and leaves Plaintiffs without an adequate remedy.

50. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiffs seek a writ of mandamus or in the nature of mandamus to end Defendants unreasonable delay and refusal to adjudicate Plaintiffs' Asylum Application.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants actions in this matter as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02;

c. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination on Plaintiffs' I-589, Application for Asylum and Withholding of Removal;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling to Defendants to make a determination on Plaintiffs' I-589, Application for Asylum and Withholding of Removal;

e. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq.*

g. Grant such other relief as the Court deems necessary and proper.

Dated: Houston, Texas
June 10th 2024

Respectfully submitted,

/s/ Dalya Alabbassi
Dalya Alabbassi
Texas Bar number 24113524
9595 Westpark Dr ste 102
Houston, Texas 77063
832-304-7866
info@alabbassi.net
*Attorneys for Plaintiffs*